UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JAMES W. BALLINGER,
Plaintiff

Case No. 1:07-cv-256
Spiegel, J.
Hogan, M.J.

vs

CITY OF LEBANON, et al.,
Defendants.

**REPORT AND RECOMMENDATION**

This matter is before the Court on defendants' motions to dismiss (Docs. 10, 12, 13, 14, 21, 22, 27), plaintiff's memoranda in opposition thereto (Docs. 15, 23), and defendants' reply memoranda. (Docs. 20, 24).

Rule 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To avoid dismissal for failure to state a claim for relief, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). While the plaintiff need not plead specific facts, his statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus,* 127 S.Ct. 2197 (2007) (citations omitted).

When considering a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept as true all factual allegations in the complaint and must draw inferences in a light most favorable to the plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 236, (1974). *See also Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1965 (2007). In *Twombly,* the Supreme Court explained that, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with

the allegations in the complaint." *Twombly*, 127 S.Ct. at 1969.[1] The plaintiff's ground for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1965. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986) (courts "are not bound to accept as true a legal conclusion couched as a factual allegation"); *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 405-06 (6th Cir. 1998) ("court need not accept as true legal conclusions or unwarranted factual inferences"). The complaint "must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory."*Weiner v. Klais and Co., Inc.*, 108 F.3d 86, 88 (6th Cir. 1997) (citing *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993)). "Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Twombly*, 127 S.Ct. at 1965 (citations omitted). While the complaint need not contain "heightened fact pleading of specifics," it must provide "enough facts to state a claim to relief that is plausible on its face" to survive a motion to dismiss. *Id.* at 1974.

Plaintiff, a resident of Lebanon, Ohio, brings this action pro se against the City of Lebanon, Ohio, the former and current Lebanon City Manager, the Mayor of Lebanon, individual Lebanon City Council members, the Lebanon City Auditor/Tax Commissioner, Tax Department employee Jeanne Loxley, City Attorney Mark Urick, Municipal Court Magistrate James Ruppert, City Prosecutor Andrea Hicks, the Lebanon Tax Board of Review, and Three Unknown/Unlisted Members of the Tax Board of Review. Plaintiff's amended complaint alleges that he is a retired business owner. He alleges the City "jump[ed] on his wife about her current due taxes" and

---

[1]The *Twombly* Court made it plain that courts should no longer use the language of *Conley v. Gibson*, 355 U.S. 41 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that which would entitle him to relief," when evaluating whether a complaint can withstand a dismissal motion. *Twombly*, 127 S.Ct. at 1968 (quoting *Conley*, 355 U.S. at 45-46).

2

pursued allegedly overdue taxes owed by plaintiff. Although plaintiff completed the necessary forms and certified that no taxes were due, the City asked for copies of his federal tax returns for ten years to prove his losses for those years. Plaintiff refused and requested the City use its subpoena power to obtain copies of his returns. Criminal charges were filed against plaintiff, who appeared before Magistrate Ruppert. Plaintiff alleges that Magistrate Ruppert informed plaintiff not to raise any constitutional questions in his courtroom and to comply with the City's requests for his tax returns. Plaintiff was found guilty and sentenced to six months in jail. (Doc. 2 at 4).

Plaintiff alleges that on September 20, 2004, the Ohio Court of Appeals "issued an Opinion that Plaintiff-Appellee 'has not provided the court with a transcript of the trial proceedings for review'" and "'without an adequate record an appellate court cannot determine whether the record supports the conviction.'" (Doc. 2 at 7, ¶17). Plaintiff alleges "Defendant Court of Lebanon, thru its personnel, . . . seized and detained plaintiff . . . without probable cause or reasonable suspicion and in contravention of to Plaintiff's Constitutional rights knowing he had no committed a crime." (Doc. 2 at 7, ¶18). He further alleges that the Court of Lebanon acted in concert with the tax commissioner "to intimidate, coerce, and force Plaintiff to pay taxes he did not owe." (Doc. 2 at 7, ¶19). He alleges the City of Lebanon violated his constitutional rights by proceeding against him criminally "thereby bypassing its own laws and the laws of Ohio." Plaintiff alleges that the "City of Lebanon, and thru its Municipal court, without consent, searched the Plaintiff and restrained his liberty for over forty-five days, incarcerating him in the County Jail." (Doc. 2 at 7, ¶22). Plaintiff states that while he was in jail, his CPA/attorney reconstructed his tax return and discovered that plaintiff owed less than ten dollars. (Doc. 2 at 8, ¶23). Plaintiff

3

alleges he paid the ten dollars owed and $58.00 in penalties, and was then released from jail on May 3, 2005. (Doc. 2 at 8, ¶¶25-26). He alleges that the City of Lebanon, through its municipal court and employees, "acted negligently, recklessly, intentionally, and with deliberate indifference to the rights of the plaintiff." (Doc. 2 at 8, ¶27). Plaintiff alleges that he was "treated . . . differently than other citizens of Lebanon who were not asked to bring in their personal federal tax returns without any rational basis for this difference in treatment." (Doc. 2 at 8, ¶29). Finally, plaintiff alleges that the City of Lebanon, through its City Engineer and subcontractor, on or about Nov. 2006 was given permission to enter Plaintiff's property and jack a pipe underneath the Road, in a professional manner. The City abused the privilege, broke his sidewalk, caused damage that endangered his seven and four year old daughters and refused to restore him to his original status." (Doc. 2 at 8-9, ¶30). Plaintiff brings claims for false arrest, malicious prosecution, first amendment retaliation, "witness against himself," violation of City Code 151.12, and "retirement and security." (Doc. 2 at 9-10). Plaintiff seeks compensatory and punitive damages.

The Court takes judicial notice of the Ohio Court of Appeals' decision referenced in plaintiff's complaint. *See* Fed. R. Evid. 201; *Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir.), *cert. denied*, 449 U.S. 996 (1980) (federal court may take judicial notice of state court proceedings). *See also City of Heath, Ohio v. Ashland Oil, Inc.*, 834 F. Supp. 971, 981 (S.D. Ohio 1993). In *State of Ohio v. James W. Ballinger*, Case No. CA2003-07-069 (Ohio App. 12th Dist. Sept. 20, 2004), 2004 WL 2182658, the Twelfth District Ohio Court of Appeals affirmed the decision of the Lebanon Municipal Court finding Mr. Ballinger guilty of failure to file city tax returns. (Doc. 10, Exh. A at 1). The Court of Appeals set forth the following facts:

4

> In February 2003, a criminal complaint was filed against appellant for failure to file city tax returns for a twelve-year period, from 1990 to 2001, in violation of Lebanon Codified Ordinances 151.05(A). In June 2003, the trial court found appellant guilty of the offense. He was fined $500 and sentenced to six months of jail time, which was stayed for 60 days to file the tax returns.

*State v. Ballinger*, 2004 WL 2182658, 1 (Ohio App. 12 Dist. 2004). The Twelfth District Court of Appeals rejected Ballinger's two assignments of error. The state appellate court determined that Ballinger's conviction was not against the manifest weight of the evidence and that the City of Lebanon's tax laws are not unconstitutional. *Id.*

**I. Defendants' motion to dismiss on the basis of *Heck v. Humphrey* should be denied.**

Defendants seek dismissal of the complaint alleging it fails to state a claim for relief under 42 U.S.C. § 1983 pursuant to the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck,* the Supreme Court held that a § 1983 civil rights action seeking money damages on the basis of an allegedly unconstitutional conviction or sentence will not lie unless the plaintiff has already succeeded in having the conviction or sentence invalidated. When an inmate's successful § 1983 damages action would necessarily imply that his sentence or conviction was invalid, the complaint must be dismissed unless the inmate can demonstrate that his conviction or sentence has been reversed on appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations or called into question by the issuance of a writ of habeas corpus. *Id.* "[A] § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." 512 U.S. at 489-490.

Defendants argue that plaintiff's complaint challenges the validity of his criminal conviction which was upheld on appeal by the Ohio Court of Appeals. Defendants contend that

5

since plaintiff has not demonstrated that his conviction has been invalidated, his causes of action have not yet accrued under *Heck* and must be dismissed.

The Sixth Circuit has recently held that "*Heck's* favorable-termination requirement cannot be imposed against § 1983 plaintiffs who lack a habeas option for the vindication of their federal rights." *Powers v. Hamilton County Public Defender Commission*, 501 F.3d 592, 603 (6th Cir. 2007). That is precisely the case here. In the instant case, plaintiff was incarcerated for forty-five days then released. Like the plaintiff in *Powers* who was fined for a misdemeanor and imprisoned for at least one, but not more than thirty days for his failure to pay the fine, "there is no way that [plaintiff] could have obtained habeas review of his incarceration." *Id.* A person convicted of a crime in state court can obtain a writ of habeas corpus only if he is "in custody" pursuant to the unlawful judgment of that court. *See* 28 U.S.C. § 2254. Since plaintiff was not "in custody" long enough to seek habeas corpus relief, *Heck's* favorable termination requirement is not a bar to plaintiff's Section 1983 action. *Powers*, 501 F.3d at 603. Accordingly, defendants' motion to dismiss on the basis of *Heck* should be denied.

## II. Defendants' motion to dismiss for lack of service of process should be granted with respect to defendant City Prosecutor Andrea Hicks.

Defendants also seek dismissal of the complaint on the basis that plaintiff did not obtain service or show cause within 30 days of the Show Cause Order with respect to all defendants other than the City of Lebanon. On August 8, 2007, the Court ordered plaintiff to show cause why the complaint should not be dismissed for lack of service. (Doc. 3). On August 30, 2008, plaintiff filed his response to the show cause order, indicating that the City of Lebanon had in fact been served and requesting additional time to serve the other defendants. (Doc. 7). Since responding to the Show Cause Order, all of the named defendants have been served with the

6

exception of defendant City Prosecutor Andrea Hicks. *See* Docs. 6, 11, 18, 19, 28. Accordingly, defendants' motion to dismiss the complaint as to City Prosecutor Andrea Hicks should be granted. The motion to dismiss for lack of service as to all other defendants should be denied.

### III. Defendant Ruppert's motion to dismiss should be granted.

Defendant Magistrate Ruppert seeks dismissal of plaintiff's complaint on several grounds. (Doc. 22). Defendant Ruppert's motion to dismiss should be granted because Magistrate Ruppert is absolutely immune from suit and because plaintiff's claims are barred by the statute of limitations.[2]

Plaintiff cannot maintain a claim for monetary relief against Magistrate Ruppert because judges are afforded absolute immunity from suit for acts they commit while functioning within their judicial capacity. *Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Pierson v. Ray*, 386 U.S. 547 (1967); *Barrett v. Harrington*, 130 F.3d 246, 255 (6th Cir. 1997), *cert. denied*, 523 U.S. 1075 (1998). Judges retain absolute immunity from liability even if they act maliciously or corruptly, as long as they are performing judicial acts and have jurisdiction over the subject matter giving rise to the suit against them. *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978). *See also Stern v. Mascio*, 262 F.3d 600, 607 (6th Cir. 2001); *King v. Love*, 766 F.2d 962 (6th Cir.), *cert. denied*, 474 U.S. 971 (1985).

Plaintiff complains that defendant Ruppert "refused to allow discussion of Fifth amendment rights" or "due process," failed to address the constitutionality of the City Ordinance (Doc. 2 at 7, ¶21), and "forced Plaintiff to testify against himself." (Doc. 2 at 9, ¶35). Plaintiff essentially takes issue with defendant Ruppert's rulings during the criminal trial, alleging that

---

[2]The Court need not reach defendant Ruppert's other bases for dismissal in this case.

7

defendant Ruppert failed to protect plaintiff's constitutional rights during such proceeding. In-court rulings, even those "flawed by the commission of grave procedural errors," are functions are normally performed by a judge in his or her judicial capacity. *Stump*, 435 U.S. at 359, 362; *Bodell v. McDonald*, 4 Fed. Appx. 276 (6th Cir.)(unpublished), 2001 W.L. 137557, *cert. denied*, 121 S.Ct. 2595 (2001). Therefore, Magistrate Ruppert retains judicial immunity for his rulings in court, even if ultimately incorrect or flawed.

Plaintiff has also failed to allege any facts showing Magistrate Ruppert acted "in the clear absence of all jurisdiction." *Stump*, 435 U.S. at 357. "If the matter upon which the judge acts is clearly outside the subject matter jurisdiction of the court over which the judge presides, the act is done in the clear absence of all jurisdiction." *DePiero v. City of Macedonia*, 180 F.3d 770, 785 (6th Cir. 1999), *cert. denied*, 528 U.S. 1105 (2000), citing *King v. Love*, 766 F.2d 962, 965 (6th Cir. 1985). However, where the court "has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes." *DePiero v. City of Macedonia*, 180 F.3d 770, 785 (6th Cir. 1999), *cert. denied*, 528 U.S. 1105 (2000) (citations omitted). Here, the criminal matter over which Magistrate Ruppert presided is a matter over which the Lebanon Municipal Court has subject matter jurisdiction. *See* Ohio Rev. Code §§ 1901.01(A), 1901.02(A); Lebanon City Ordinance § 151.12(A)(11) (see Doc. 22 at 9). Since the Lebanon Municipal Court has "some subject matter jurisdiction" over criminal cases such as plaintiff's, Magistrate Ruppert is afforded absolute immunity in this case. *DePiero*, 180 F.3d at 785.

Moreover, plaintiff's claims against defendant Ruppert are time-barred. Limitations periods in § 1983 suits are to be determined by reference to the appropriate state statute of limitations and the coordinate tolling rules. *Hardin v. Straub*, 490 U.S. 536, 539 (1989), citing

8

*Board of Regents, University of New York v. Tomiano*, 446 U.S. 478, 484 (1980). The appropriate statute of limitations for § 1983 civil rights actions arising in Ohio is contained in Ohio Rev. Code § 2305.10, which requires that actions for bodily injury be filed within two years after their accrual. *Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989).

Although state law provides the statute of limitations in a § 1983 action, federal law governs the question of when that statute of limitations begins to run. *Sevier v. Turner*, 742 F.2d 262, 272-273 (6th Cir. 1984). The statute of limitations commences to run when the plaintiff knows or has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence. *Id.*

In the instant case, plaintiff's complaint does not allege the date of his trial or conviction in Magistrate Ruppert's court. Nevertheless, it is clear that plaintiff's causes of action against Magistrate Ruppert accrued sometime before September 20, 2004, the date the Ohio Court of Appeals affirmed plaintiff's conviction. The statute of limitations necessarily expired by September of 2006 and plaintiff's amended complaint, which was filed on May 2, 2007, is therefore untimely.

For these reasons, Magistrate Ruppert's motion to dismiss is well-taken and should be granted.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Defendants' motion to dismiss on the basis of *Heck v. Humphrey* should be denied.

2. Defendants' motion to dismiss for lack of service of process should be granted with respect to defendant City Prosecutor Andrea Hicks, but denied as to all other defendants.

3. Defendant Ruppert's motion to dismiss should be granted.

Date 8/10/08

Timothy S. Hogan
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

JAMES W. BALLINGER,
    Plaintiff

Case No. 1:07-cv-256
Spiegel, J.
Hogan, M.J.

vs

CITY OF LEBANON, et al.,
    Defendants

### NOTICE TO THE PARTIES REGARDING THE FILING OF OBJECTIONS TO THIS R&R

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **TEN (10) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **TEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY | |
|---|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X | ☐ Agent<br>☐ Addressee |
| | B. Received by (Printed Name) | C. Date of Delivery |
| 1. Article Addressed to:<br><br>James Ballinger<br>308 East Warren Street<br>Lebanon, OH 45036 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No | |
| | 3. Service Type<br>☑ Certified Mail ☐ Express Mail<br>☐ Registered ☐ Return Receipt for Merchandise<br>☐ Insured Mail ☐ C.O.D. | |
| | 4. Restricted Delivery? (Extra Fee) ☐ Yes | |
| 2. Article Number<br>(Transfer from service label) | 7007 0710 0000 8130 4907 | |
| PS Form 3811, August 2001 | Domestic Return Receipt | 102595-02-M-1540 |

1:07cv256 (Doc. 29)