## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

JAMES W. BALLINGER,  
     Plaintiff

Case No. 1:07-cv-256-SAS-TSH  
(Spiegel, Sr. J.; Hogan, M. J.).

vs

CITY OF LEBANON, et al.,  
     Defendants.

## REPORT AND RECOMMENDATION

This matter is before the Court on defendants' summary judgment motion (Doc.46), plaintiff's memoranda in opposition thereto (Doc. 48, 49), and defendants' reply. (Doc. 50). For the reasons set forth more fully below, the Court recommends that defendants' motion be granted.

### Background

Plaintiff, a resident of Lebanon, Ohio, brings this action pro se against the City of Lebanon, Ohio, the former and current Lebanon City Manager, the Mayor of Lebanon, individual Lebanon City Council members, the Lebanon City Auditor/Tax Commissioner, Tax Department employee Jeanne Loxley, City Attorney Mark Urick, Municipal Court Magistrate James Ruppert, City Prosecutor Andrea Hicks, the Lebanon Tax Board of Review, and Three Unknown/Unlisted Members of the Tax Board of Review. Plaintiff's amended complaint alleges that he is a retired business owner. He alleges the City "jump[ed] on his wife about her current due taxes" and pursued allegedly overdue taxes owed by plaintiff. Although plaintiff completed the necessary forms and certified that no taxes were due, the City asked for copies of his federal tax returns for ten years to prove his losses for those years. Plaintiff refused and requested the City use its subpoena power to obtain copies of his returns. Criminal charges were filed against plaintiff, who appeared before Magistrate Ruppert. Plaintiff alleges that Magistrate Ruppert informed plaintiff not to raise any constitutional questions in his courtroom and to comply with the City's requests for his tax returns. Plaintiff was found guilty and sentenced to six months in jail. (Doc. 2 at 4).

Plaintiff alleges that on September 20, 2004, the Ohio Court of Appeals "issued an Opinion that Plaintiff-Appellee 'has not provided the court with a transcript of the trial proceedings for review'" and "'without an adequate record an appellate court

cannot determine whether the record supports the conviction.'" (Doc. 2 at 7, ¶17). Plaintiff alleges "Defendant Court of Lebanon, thru its personnel, . . . seized and detained plaintiff . . . without probable cause or reasonable suspicion and in contravention of to Plaintiff's Constitutional rights knowing he had no committed a crime." (Doc. 2 at 7, ¶18). He further alleges that the Court of Lebanon acted in concert with the tax commissioner "to intimidate, coerce, and force Plaintiff to pay taxes he did not owe." (Doc. 2 at 7, ¶19). He alleges the City of Lebanon violated his constitutional rights by proceeding against him criminally "thereby bypassing its own laws and the laws of Ohio." Plaintiff alleges that the "City of Lebanon, and thru its Municipal court, without consent, searched the Plaintiff and restrained his liberty for over forty-five days, incarcerating him in the County Jail." (Doc. 2 at 7, ¶22). Plaintiff states that while he was in jail, his CPA/attorney reconstructed his tax return and discovered that plaintiff owed less than ten dollars. (Doc. 2 at 8, ¶23). Plaintiff alleges he paid the ten dollars owed and $58.00 in penalties, and was then released from jail on May 3, 2005. (Doc. 2 at 8, ¶¶25-26). He alleges that the City of Lebanon, through its municipal court and employees, "acted negligently, recklessly, intentionally, and with deliberate indifference to the rights of the plaintiff." (Doc. 2 at 8, ¶27). Plaintiff alleges that he was "treated . . . differently than other citizens of Lebanon who were not asked to bring in their personal federal tax returns without any rational basis for this difference in treatment." (Doc. 2 at 8, ¶29). Finally, plaintiff alleges that the City of Lebanon, through its City Engineer and subcontractor, on or about Nov. 2006 was given permission to enter Plaintiff's property and jack a pipe underneath the Road, in a professional manner. The City abused the privilege, broke his sidewalk, caused damage that endangered his seven and four year old daughters and refused to restore him to his original status." (Doc. 2 at 8-9, ¶30). Plaintiff brings claims for false arrest, malicious prosecution, first amendment retaliation, "witness against himself," violation of City Code 151.12, and "retirement and security." (Doc. 2 at 9-10). Plaintiff seeks compensatory and punitive damages.

Defendants filed various motions to dismiss this action to which plaintiff responded. On August 13, 2008, this Court issued a Report and Recommendation that defendants' motion to dismiss on the basis of *Heck v. Humphrey* be denied; that defendants' motion to dismiss defendant Andrea Hicks for lack of proper service be granted; and that defendant Ruppert's motion to dismiss be granted. (Doc. 29). By Order dated September 18, 2008, the District Court adopted this Court's Recommendations *in toto*, and defendants Hicks and Ruppert were dismissed from this action. (Doc. 34).

## Defendants' Summary Judgment Motion Should Be Granted

Defendants now move for summary judgment as to all plaintiff's claims on multiple grounds, including: (1) the claims are barred by the statute of limitations; (2) probable cause existed for the criminal charges and subsequent incarceration; (3)

Plaintiff's conviction is *res judicata*; (4) law enforcement officials cannot be held liable for a violation of the Equal Protection Clause because they enforce a law against one person and not another; (5) there is no factual basis in the record to support a First Amendment retaliation claim; (6) the Older Americans Act, 42 U.S.C. § 3001 et. seq., does not provide a basis for relief; (7) the *Rooker-Feldman* doctrine bars plaintiff's claims; (8) the individual defendants are entitled to qualified immunity; (9) the defendants are entitled to immunity under state law; and (10) the Court should decline to exercise supplemental jurisdiction over plaintiff's state law claims.

A motion for summary judgment should be granted if the evidence submitted to the court demonstrates that there is no genuine issue as to any material fact and that the movant is entitled to summary judgment as a matter of law. Fed. R. Civ. P. 56. *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The moving party has the burden of showing the absence of genuine disputes over facts which, under the substantive law governing the issue, might affect the outcome of the action. *Celotex*, 477 U.S. at 323.

A party may move for summary judgment on the basis that the opposing party will not be able to produce sufficient evidence at trial to withstand a motion for judgment as a matter of law. In response to a summary judgment motion properly supported by evidence, the non-moving party is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial. *Sixty Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987); *Harris v. Adams*, 873 F.2d 929, 931 (6th Cir. 1989). Conclusory allegations, however, are not sufficient to defeat a properly supported summary judgment motion. *McDonald v. Union Camp Corp.*, 898 F.2d 1155, 1162 (6th Cir. 1990). The non-moving party must designate those portions of the record with enough specificity that the Court can readily identify those facts upon which the non-moving party relies. *Karnes v. Runyon*, 912 F. Supp. 280, 283 (S.D. Ohio 1995)(Spiegel, J.).

The trial judge's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine factual issue for trial. *Anderson*, 477 U.S. at 249-50. In so doing, the trial court does not have a duty to search the entire record to establish that there is no material issue of fact. *Karnes*, 912 F. Supp. at 283. *See also Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989); *Frito-Lay, Inc. v. Willoughby*, 863 F.2d 1029, 1034 (D.C. Cir. 1988). The inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. *Anderson*, 477 U.S. at 249-50.

If, after an appropriate time for discovery, the opposing party is unable to demonstrate a *prima facie* case, summary judgment is warranted. *Street*, 886 F.2d at 1478 (citing *Celotex* and *Anderson*). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Plaintiff's response to defendants' motion states in only the most general terms that questions of fact exist which preclude summary judgment. (*See* Docs. 48, 49). Such generalized and conclusory allegations are insufficient to defeat a properly supported summary judgment motion. *McDonald*, 898 F.2d at 1162. Moreover, plaintiff has failed to designate those portions of the record with enough specificity that the Court can readily identify the facts upon which he relies in opposition to defendants' motion. *Karnes*, 912 F. Supp. at 283. As noted above, this Court does not have a duty to search the entire record to establish that there is no material issue of fact. *Id.*

In opposition to defendants' motion plaintiff also argues that this Court's ruling on defendants' motion should be stayed pending a decision by the Unites States Supreme Court in *Weyhrauch v. United States*. The issues raised in that case are wholly inapposite to the claims raised in plaintiff's pleadings. *See* 129 S.Ct 2863 (June 29, 2009). Accordingly, *Weyhrauch* provides no basis for a stay of this action. For these reasons alone, defendants' motion should be granted.

As noted in this Court's August 13, 2008 Report and Recommendation, the Court takes judicial notice of the Ohio Court of Appeals' decision referenced in plaintiff's complaint. *See* Fed. R. Evid. 201; *Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir.), *cert. denied*, 449 U.S. 996 (1980) (federal court may take judicial notice of state court proceedings). *See also City of Heath, Ohio v. Ashland Oil, Inc.*, 834 F. Supp. 971, 981 (S.D. Ohio 1993). In *State of Ohio v. James W. Ballinger*, Case No. CA2003-07-069 (Ohio App. 12th Dist. Sept. 20, 2004), 2004 WL 2182658, the Twelfth District Ohio Court of Appeals affirmed the decision of the Lebanon Municipal Court finding Mr. Ballinger guilty of failure to file city tax returns. (Doc. 10, Exh. A at 1). The Court of Appeals set forth the following facts:

> In February 2003, a criminal complaint was filed against appellant for failure to file city tax returns for a twelve-year period, from 1990 to 2001, in violation of Lebanon Codified Ordinances 151.05(A). In June 2003, the trial court found appellant guilty of the offense. He was fined $500 and sentenced to six months of jail time, which was stayed for 60 days to file the tax returns.

*State v. Ballinger*, 2004 WL 2182658, 1 (Ohio App. 12 Dist. 2004). The Twelfth District Court of Appeals rejected Ballinger's two assignments of error. The state appellate court determined that Ballinger's conviction was not against the manifest weight of the evidence and that the City of Lebanon's tax laws are not unconstitutional. *Id.* The Ohio Supreme Court declined jurisdiction to hear a discretionary appeal of the Court of Appeals' decision. (Doc. 46, Ex. 3, case Announcements and Administrative Actions Order of Ohio Supreme Court, February 16, 2005, attached).

## Plaintiff's Claims are Barred by the Statute of Limitations

Limitations periods in § 1983 suits are to be determined by reference to the appropriate state statute of limitations and the coordinate tolling rules. *Hardin v. Straub*, 490 U.S. 536, 539 (1989), citing *Board of Regents, University of New York v. Tomiano*, 446 U.S. 478, 484 (1980). The appropriate statute of limitations for § 1983 civil rights actions arising in Ohio is contained in Ohio Rev. Code § 2305.10, which requires that actions for bodily injury be filed within two years after their accrual. *Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989); *Cooey v. Strickland*, 479 F.3d 412, 416 (6th Cir. 2007).

Although state law provides the statute of limitations in a § 1983 action, federal law governs the question of when that statute of limitations begins to run. *Sevier v. Turner*, 742 F.2d 262, 272-273 (6th Cir. 1984). The statute of limitations commences to run when the plaintiff knows or has reason to know of his injury or when he should have discovered it through the exercise of reasonable diligence. *Id.*

In the instant case, the charge against plaintiff for failure to file tax returns was filed on February 7, 2003. The Court of Appeals issued its decision upholding plaintiff's state court conviction on September 20, 2004. Plaintiff was incarcerated pursuant to the trial judge's order on March 24, 2005. Thus, all conduct leading up to and including the filing of charges, the criminal trial on said charges, the appeal of plaintiff's conviction and plaintiff's incarceration occurred on or before March 24, 2005. Plaintiff did not file the instant complaint until March 30, 2007. The Amended complaint was filed on May 2, 2007. (Docs. 1, 2). All claims in either the original or amended complaint relating to conduct which occurred on or before March 30, 2005, are therefore barred by the statute of limitations and must be dismissed.

The only acts which occurred after March 30, 2005, concern plaintiff's release from incarceration. These facts do not support any claim against defendants. Plaintiff was released from incarceration on May 3, 2005. His release was based on a Temporary Stay of Sentence Order which permitted him to file the required tax returns and avoid completion of the jail sentence. On July 14, 2005, the municipal court

issued a Final Entry which gave plaintiff credit for the jail time served and suspended the balance of his six month sentence.

Accordingly, the Court finds that summary judgment is warranted as to all remaining claims against defendants.

### Defendants Are Entitled to Judgment in Their Favor

To the extent the statute of limitations does not bar plaintiff's claims, the Court recommends that judgment be granted for the reasons set forth in defendants' motion, which is properly supported by the law and factual record applicable to this case. Probable cause existed for the criminal charges and subsequent incarceration. *Walker v. Schaeffer*, 854 F.2d138, 143 (6th Cir. 1988); *Harris v. Bornhorst*, 513 F.3d 503, 520 (6th Cir. 2008). Plaintiff's conviction is *res judicata*. Law enforcement officials cannot be held liable for a violation of the Equal Protection Clause because they enforce a law against one person and not another. *See Enquist v. Oregon Dep't. Of Agr.*, 128 S. Ct. 2146, 2155 (2008). There is no factual basis in the record to support a First Amendment retaliation claim. *See Mezibov v. Allen*, 4111 F.3d 712, 718 (6th Cir. 2005); *Bloch v. Ribar*, 156 F.3d 673, 678 (6th Cir. 1998). The Older Americans Act, 42 U.S.C. § 3001 et. seq. does not provide a basis for relief. *See Palmer v. Ticcione*, 433 F. Supp. 653, 655 (D.C. N.Y. 1977). The *Rooker-Feldman* doctrine bars plaintiff's claims. *Executive Arts Studio, Inc. v. City of Grand Rapids*, 391 F.3d 783 (6th Cir. 2004). The individual defendants are entitled to qualified immunity. *See Pearson v. Callahan*, 129 S. Ct. 808 (2009); *Brennan v. Township of Northville*, 78 F.3d 1152 (6th Cir. 1996). The defendants are entitled to immunity under state law. Ohio rev. Code § 2744.02(A)(1). Finally, the Court should decline to exercise supplemental jurisdiction over plaintiff's state law claims. 28 U.S.C. § 1367(a).

### IT IS THEREFORE RECOMMENDED THAT:

Defendants' summary judgment motion be GRANTED and this case be dismissed from the docket of this Court.

Date: 9/15/10

Timothy S. Hogan
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

JAMES W. BALLINGER,              Case No. 1:07-cv-256-SAS-TSH
     Plaintiff                         (Spiegel, Sr. J.; Hogan, M. J.).

     vs

CITY OF LEBANON, et al.,
     Defendants.

## NOTICE TO THE PARTIES REGARDING THE FILING OF OBJECTIONS TO THIS R&R

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **TEN (10) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **TEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

7

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

James W Ballinger
308 East Warren Street
Lebanon OH 45036

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X  ☑ Agent
   ☐ Addressee

B. Received by (Printed Name)     C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
   ☑ Certified Mail      ☐ Express Mail
   ☐ Registered          ☐ Return Receipt for Merchandise
   ☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)

7002 3150 0000 8389 8824

PS Form 3811, August 2001      Domestic Return Receipt      102595-02-M-1540

1:07cv256    (Doc. 55)