```
            UNITED STATES DISTRICT COURT
             SOUTHERN DISTRICT OF OHIO
                  WESTERN DIVISION
```

JAMES W. BALLINGER,            :
                               :   NO. 1:07-CV-00256
    Plaintiff,             :
                               :
 v.                            :
                               :   **OPINION AND ORDER**
                               :
CITY OF LEBABNON, et al.,      :
                               :
    Defendants.            :

This matter is before the Court on the Report and Recommendation (doc. 55) regarding Defendants' Motion for Summary Judgment (doc. 46), Plaintiff's memos in opposition thereto (doc. 48, 49) and Defendants' reply in support thereof (doc. 50). The Magistrate Judge recommended that the Court grant Defendants' motion; Plaintiff objected to that recommendation (doc. 60), and Defendants filed a response to those objections (doc. 61). For the reasons indicated herein, the Court ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendation in its entirety, GRANTS Defendants' motion and DISMISSES this case from the Court's docket.

**I.    Background**

Pro se Plaintiff James Ballinger filed an Amended Complaint on May 2, 2007, against the City of Lebanon, Ohio, the former and current Lebanon City Manager, the Mayor of Lebanon, individual Lebanon City Council members, the Lebanon City Auditor/Tax Commissioner, Tax department employee Jeanne Loxley, City Attorney Mark Urick, Municipal Court Magistrate James Ruppert,

City Prosecutor Andrea Hicks, the Lebanon Tax Board of Review, and three unknown/unlisted members of the Tax Board of Review, alleging false arrest, malicious prosecution, first amendment retaliation, "witness against himself," violation of City Code 151.12, and "retirement and security" (doc. 2).  As noted by the Magistrate Judge, Plaintiff alleges that he is a retired business owner; the City of Lebanon "jump[ed] on his wife about her current due taxes"; the City asked for copies of his federal tax returns for ten years to prove his losses for those years; and he refused and requested that the City use its subpoena power to obtain copies of his returns (doc. 55).  Plaintiff was arrested and ultimately sentenced to six months in jail for failing to file city tax returns for a twelve-year period (Id.).

Defendants Hicks and Ruppert were dismissed from this case by order of this Court (doc. 34).  The remaining Defendants moved for summary judgment on all of Plaintiff's claims on the bases that the claims are barred by the applicable statutes of limitations; probable cause existed for the criminal charges and subsequent incarceration; Plaintiff's conviction is res judicata; law enforcement officials cannot be held liable for a violation of the Equal Protection Clause because they enforce a law against one person and not another; there is no factual basis in the record to support a First Amendment retaliation claim; the Older Americans Act, 42 U.S.C. § 3001 et seq., does not provide a basis for relief;

-2-

the Rooker-Feldman doctrine bars Plaintiff's claims; the individual Defendants are entitled to qualified immunity; the Defendants are entitled to immunity under state law; and the Court should decline to exercise supplemental jurisdiction over Plaintiff's state-law claims (doc. 55).

In response to Defendants' motion, Plaintiff asserted "that there is a genuine issue of material fact for trial and that Plaintiff is entitled to a judgment from this court under Rule 56 for Summary Judgment as a matter of law and Justice" (doc. 48). In addition, he referenced his motion asking that the Court's decision in this matter should be stayed pending the Supreme Court's decision in Weyhrauch v. United States, 129 S.Ct. 2863 (2009), as he believed that the case would address whether Defendants deprived Plaintiff of honest services, which he presumably thought was relevant to his case (doc. 45).

**II.        The Magistrate Judge's Report and the Parties' Responses**

The Magistrate Judge found that Plaintiff's claims are barred by the statute of limitations for Section 1983 actions, which dispenses with all claims except those that occurred after March 30, 2005 (doc. 55). None of those post-March 30, 2005 claims regarding Plaintiff's release from incarceration, the Magistrate Judge found, had any factual support in the record (Id.). Consequently, the Magistrate Judge recommended that the Court grant summary judgment to Defendants on all of Plaintiff's claims (Id.).

As an alternative, the Magistrate Judge recommended that Defendants' motion be granted for the reasons set forth in the motion and noted that Plaintiff had failed to point to portions of the record with specificity to enable the Court to identify facts upon which Plaintiff relies in opposing Defendants' motion (Id.).

Plaintiff objects to the Magistrate Judge's Report and Recommendation, although the bases for his objections are difficult to tease out.  For example, he argues that summary judgment should not be granted because the Court "must take Judicial Notice, Rule 201, of Constitutional Rights trumping 1871 laws regarding the KKK..." (doc. 60), and the Court cannot determine how this is a basis for denying summary judgment.  Plaintiff then states that the Magistrate Judge did "a good job of boiler plating the Limitations of Par. 1983" and that "since it is not [his] duty to 'search the entire record,'" the Magistrate Judge "reiterates the Defendants [sic] analysis" (Id.). Plaintiff again references the honest services charge as being vague and violative of the due process clause of the Fifth Amendment, however he does not explain how that criminal statute applies to his case, let alone how it serves as a basis for denying summary judgment to Defendants  (Id.).  A generous reading of Plaintiff's objections leads the Court to understand that he argues that his claims are not time-barred because he "discovered his path" when the Ohio Supreme Court declined to review his conviction for failure to file tax returns.

Defendants contend that Plaintiff's objections do not meet the specificity requirement of Federal Rule of Procedure 72(b)(2) and that general objections, such as those advanced by Plaintiff, should be treated by the Court as though the party had filed no objections at all (doc. 61). In addition, Defendants note that even if the Court entertains Plaintiff's contention that the date on which he "discovered his path" should be the date the Court uses to determine whether the statue of limitations precludes this action, Plaintiff's claims are still time-barred (Id.). Specifically, the Ohio Supreme Court declined to review Plaintiff's case on February 16, 2005, and Plaintiff filed this action on March 30, 2007, more than two years later and thus outside the statute of limitations (Id.). Defendants further contend that Plaintiff is attempting to appeal his state conviction here in federal court, which is prohibited by the Rooker-Feldman doctrine and that Plaintiff failed to specifically object to the other bases for the Magistrate Judge's recommendation, and Defendants argue that Plaintiff therefore waives objection to those issues (Id.).

**III.    Discussion and Conclusion**

The Court is under no obligation to review de novo objections that are merely perfunctory or an attempt to engage the Court in a rehashing of the same arguments set forth in the original petition. See, e.g., Edwards v. Fischer, 414 F.Supp.2d 342, 346-47 (S.D. Ny. 2006). In such cases, as here, the Court

-5-

need only satisfy itself that there is no clear error on the face of the record in order to accept the Magistrate Judge's recommendation. See Advisory Committee Notes to Fed. R. Civ. P. 72; Thomas v. Arn, 474 U.S. 140, 150(1985)("It does not appear that Congress intended to require district court review of a magistrate judge's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings").

The Court finds no clear error in the Magistrate Judge's Report and Recommendation. On the contrary, the Court finds it well-reasoned, thorough and correct. Indeed, it easily withstands even a de novo review, which, out of an abundance of caution, the Court has engaged in. The Magistrate Judge did not, as Plaintiff contends, merely "boiler plate" the statute of limitations issue. In fact, the Magistrate Judge engaged in a thorough discussion of how the applicable statute of limitations serves to bar Plaintiff's claims. Plaintiff had two years after the date on which he knew or had reason to know of his injury or should have discovered it through the exercise of reasonable diligence. See Sevier v. Turner, 742 F.2d 262, 272-73 (6th Cir. 1984). The most generous reading of the record would make March 24, 2007 the last day on which Plaintiff could have filed his complaint. He filed it on March 30, 2007, outside the limitations period. As Defendants note, even if the Court uses the date on which the Ohio Supreme Court denied review of his case as the date that started the clock,

Plaintiff needed to have filed his complaint by no later than February 16, 2007.  Therefore, any claims relating to events that occurred prior to March 24, 2005 are time-barred.  The Court is not persuaded by Plaintiff's reference to the KKK on this point, and Plaintiff has presented no facts showing that a genuine issue exists regarding whether his claims are time-barred. Consequently, summary judgment for Defendants is appropriate.

With respect to the honest services issue, the Court respectfully finds that Plaintiff's reliance on the Supreme Court cases addressing the constitutionality of 18 U.S.C. § 1346 is misplaced.  That section of the criminal code, which was the subject of the Supreme Court's decisions in Weyhrauch v. United States 130 S.Ct. 2971 (2010) and Skilling v. United States, 130 S.Ct. 2896 (2010), defines the term "scheme or artifice to defraud" as including a scheme or artifice to deprive another of the intangible right of honest services.  Plaintiff was not charged with mail fraud or another fraud offense, to which that statute relates, nor any federal crime at all, and neither was any of the Defendants.  Those cases are therefore entirely inapplicable to Plaintiff's case.  If Plaintiff is alleging that Defendants committed fraud by depriving him of honest services, which is a liberal reading of Plaintiff's arguments on this issue, Plaintiff would need to pursue that allegation in some other venue and should be forewarned that the aforementioned cases found that the honest

services statute covers only bribery and kickback schemes.

Clearly, Plaintiff feels he was wronged by Defendants when he was charged and convicted of failure to file city tax returns.  However, he cannot find relief in the federal courts. His complaint was filed outside the statute of limitations and, even if it had been filed within the statute, he has not pointed the Court to any genuine issue of fact with respect to any of his claims.  Summary judgment for Defendants is thus appropriate.

Therefore, for the foregoing reasons, the Court ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendation in its entirety (doc. 55), GRANTS Defendants' motion for summary judgment (doc. 46) and DISMISSES this case from the Court's docket.

SO ORDERED.

Dated: November 18, 2010         /s/ S. Arthur Spiegel           
                                 S. Arthur Spiegel
                                 United States Senior District Judge